**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GOODY'S FAMILY CLOTHING, | ) Case No. 08-11133 (CSS) |
| INC., <u>et al</u>., | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: Docket Nos. 1027 & 1104 |
| | ) |

**OPINION[1]**

| | |
|---|---|
| Gregg M. Galardi | Michael E. Goddard (Argued) |
| Marion M. Quirk (Argued) | Added Value Services, Inc. |
| Skadden, Arps, Slate, Meagher | 415 Jones Street |
| & Flom, LLP | Decatur, TN  37322 |
| P.O. Box 636 | |
| Wilmington, DE  19899 | |
| | |
| Counsel for Debtors and | President of Added Value |
| And Debtors in Possession | Services |

Dated:   February 6, 2009

Sontchi, J.

**INTRODUCTION**

Before the Court is the Third Omnibus (Non-Substantive) Objection of the Reorganized Debtors to Misclassified 503(b)(9) Claims (the "Objection") filed by Goody's Family Clothing, Inc. and its affiliates (collectively, the "Debtors"). The Debtors argue that the claim of Added Value Services, Inc. ("AVS") is misclassified as an administrative claim under section 503(b)(9) of the

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052.

Bankruptcy Code, which provides for an allowed administrative claim for the value of goods received by a debtor within 20 days of the bankruptcy filing because AVS provided services to the Debtors rather than selling "goods."

The Court finds that AVS's services do not constitute "goods" within the meaning of section 503(b)(9) and, thus, it is not entitled to an administrative claim under that section.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

## PROCEDURAL AND FACTUAL BACKGROUND[2]

On June 9, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3] The Debtors are a moderately priced family apparel retailer, which, as of the Petition Date, operated approximately 350 stores in small to midsize markets throughout the United States.

AVS was one of Debtors' vendors, providing certain services, including inspecting, ticketing, and repackaging apparel purchased from other vendors.

---

[2] The essential facts of this case are undisputed.

[3] Subsequently, the Court confirmed the Debtors' plan of reorganization. Unfortunately, the reorganized Debtors were unprofitable and they filed a second Chapter 11 case in January, 2009. The second Chapter 11 case does not impact the issues before the Court in this matter.

During the twenty days prior to the Petition Date, AVS submitted the following invoices to Debtors:

| Invoice # | Invoice Date | Amount Due | Description |
|---|---|---|---|
| 8119 | 5/20/2008 | $21,028.70 | Remove bags, ticket, assort and pack |
| 8120 | 5/20/2008 | $4,459.00 | Unbag, ticket, assort and pack |
| 8145 | 5/30/2008 | $8,707.80 | Inspect Polos |
| 8146 | 5/30/2008 | $6,861.60 | Inspect Polo |
| 8147 | 5/30/2008 | $6,646.20 | Inspect Polos |
| 8148 | 5/30/2008 | $7,634.40 | Inspect Polos |
| 8149 | 5/30/2008 | $7,780.80 | Inspect Polos |
|  | **Total** | **$63,118.50** |  |

AVS timely asserted an administrative claim, pursuant to 11 U.S.C. § 503(b)(9), in the amount of $63,118.50.

Debtors filed the Objection asserting, *inter alia*, that AVS's claim is misclassified as a 503(b)(9) claim since the basis for that claim is services provided to the Debtors, not goods sold. AVS filed a response. The Court convened a hearing and, at the conclusion of that hearing, the Court took the matter under advisement and requested post-hearing briefing. The requested briefing is complete and this matter is ripe for decision.

## **LEGAL DISCUSSION**

Section 503(b)(9) provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including -
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been

3

>sold to the debtor in the ordinary course of such debtor's business.[4]

The language of the statute provides for the allowance of an administrative claim provided the claimant establishes: (1) the vendor sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days prior to filing; and (3) the goods were sold to the debtor in the ordinary course of business.[5]  In this case, the Debtors argue that the services AVS provided to the Debtors do not constitute "goods" within the meaning of section 503(b)(9) and, therefore, AVS's claim is improperly classified.  The Court agrees.

## I. "Goods" Sold to the Debtors.

Resolving the meaning of section 503(b)(9) begins with the language of the statute itself.[6]  The right to a 503(b)(9) administrative expense is limited to vendors of "goods."[7]  However, "goods" is not defined in the Bankruptcy Code. "When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'"[8]  Rather, "where words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense."[9]

---

[4] 11 U.S.C. § 503(b)(9).

[5] *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 878 n.7 (9th Cir. B.A.P. 2007).

[6] *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989).

[7] 11 U.S.C. § 503(b)(9).

[8] *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992).

[9] *Standard Oil Co. of N.J. v. United States*, 221 U.S. 1, 59 (1911); *see also Neder v. United States*, 527 U.S. 1, 21 (1999) ("It is a well established rule of construction that '[w]here Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the

Article 2 of the Uniform Commercial Code ("UCC") governs sales of goods in 49 states.[10] Section 2-105(1) provides the following definition:

> "Goods" means all things (including specially manufactured goods) which are <u>movable at the time of identification to the contract for sale</u> other than the money in which the price is to be paid, investment securities (chapter 8 of this title) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (§ 47-2-107).[11]

Use of the UCC Article 2's definition of "goods" in interpreting section 503(b)(9) is suggested in a leading treatise[12] and has been adopted by bankruptcy courts examining this issue.[13] Given the near unanimous nationwide adoption of Article 2 of the UCC, the Court concludes that the term "goods" in section 503(b)(9) conforms with the meaning given in U.C.C. § 2-105(1); "goods" are something that is "moveable."[14] This approach is supported by the perhaps surprising fact that the definition of "goods" set forth in the UCC is consistent

---

statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.'" (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992)).

[10] *See* U.C.C. § 2-101 (short title of Article 2 is "Sales"); § 2-102 (scope of Article 2 covers "transactions in goods").

[11] U.C.C. § 2-105(1) (emphasis added).

[12] 4 COLLIER ON BANKRUPTCY ¶ 503.16[1] (15th ed. rev. 2008) ("Goods is not defined in the Code and so the definition used in Article 2 of the Uniform Commercial Code is likely to be used").

[13] *In re Plastech Engineered Prods.*, 397 B.R. 828, 836 (Bankr. E.D. Mich. 2008) (adopting UCC Article 2 definition of goods for 503(b)(9) claims); *In re Samaritan Alliance, LLC*, 2008 WL 2520107, at * 3 (Bankr. E.D. Ky. 2008) (same). *See also In re Deer*, No. 06-02460, slip op. at 3-4 (Bankr. S.D. Miss. June 14, 2007) (adopting UCC Article 9 definition of goods for 503(b)(9) claims).

[14] Although the Court finds the term "goods" conforms with the UCC definition of "goods," interpretation of the Bankruptcy Code is a federal matter, and not controlled by state law. *See In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1055 (3d Cir. 1993) ("It is axiomatic that federal law governs questions involving the interpretation of a federal statute.").

with the ordinary, "non legal" meaning of the word: "property or possessions; esp. moveable property."[15]

In addition, the construction of the Bankruptcy Code itself excludes services from the meaning of the term "goods." The term "goods" appears throughout the Bankruptcy Code disjunctively connected with the term "services":

- The term 'bankruptcy assistance' means any <u>goods or services</u> sold or otherwise provided.[16]

- The term "security" – does not include – debt or evidence of indebtedness for <u>goods sold and delivered or services rendered</u>.[17]

- The term 'luxury <u>goods or services</u>' does not include <u>goods or services</u> reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.[18]

- "new value" means money or money's worth in <u>goods, services, or new credit</u>.[19]

- [Court may order appointment of examiner if] the debtor's fixed, liquidated, unsecured debts, other than debts for <u>goods, services, or taxes</u>, or owing to an insider, exceed $5,000,000.[20]

"Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise."[21] Since the

---

[15] I SHORTER OXFORD ENGLISH DICTIONARY 1132 (6th ed. 2007).

[16] 11 U.S.C. § 101(4A) (emphasis added).

[17] 11 U.S.C. § 101(49)(B)(vii) (emphasis added).

[18] 11 U.S.C. § 523(a)(2)(C)(ii)(II) (emphasis added).

[19] 11 U.S.C. § 547(a)(2) (emphasis added).

[20] 11 U.S.C. § 1104(c)(2) (emphasis added).

[21] *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).

6

term "goods" and the term "services" are disjunctively connected throughout the Bankruptcy Code, these terms must be ascribed separate meanings; "goods" cannot include services. The use of the term "goods" in section 503(b)(9) must have the same meaning as is has throughout the Bankruptcy Code.[22] Therefore, under the plain meaning of the term "goods" in both the UCC and the English language and based upon the distinction between "goods" and "services" throughout in the Bankruptcy Code, a claim for an administrative expense under section 503(b)(9) cannot be a claim for services provided.

In this case, the invoices that are the basis for AVS's claim are for: (1) the inspection of garments that the Debtors purchased from another vendor; and (2) unpacking, ticketing, assorting and repackaging garments the Debtors purchased from another vendor. Such activities do not qualify as "goods" within the meaning of section 503(b)(9). Under the definition of goods in the UCC section 2-105(1), "goods" must be moveable. Here, although AVS performed the activities that constitute the basis of the claim on "things which are moveable," the actual activities AVS "sold" are properly characterized as intangible services. Furthermore, since the structure of the Bankruptcy Code specifically excludes services from "goods," the services AVS performed are not "goods."

---

[22] *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) "Statutory construction is a 'holistic endeavor.'" (quoting *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 371 (1988)). *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1267 (11th Cir. 2006). "[W]e do not read words or strings of them in isolation. We read them in context. We try to make them and their near and far kin make sense together, have them singing on the same note, as harmoniously as possible."

AVS argues it "did ship goods to the Debtors." This assertion is correct; the return of the garments after AVS performed its inspection, tagging, and packaging services requires shipping of the actual garments. However, section 503(b)(9) does not provide for the allowance of an administrative claim for goods *shipped*. Instead, section 503(b)(9) allows an administrative claim for goods *sold*. At the hearing, AVS admitted that Debtors were invoiced separately for the garments from the garment distributor. Although AVS had possession of the garments, and shipped the garments to Debtors, AVS never had title to the garments, and thus did not *sell* the garments to Debtors.[23]

The Court therefore concludes that AVS did not sell "goods" to the Debtors.[24] Accordingly, AVS's claim is misclassified as an administrative expense under section 503(b)(9) and the Objection is sustained.

## II. "Value" of Goods Received by the Debtors.

AVS also argues that "[t]he definition of 'value of goods' is the buying price of the goods including any costs required to make the goods saleable."

---

[23] *See* U.C.C. § 2-106(1) ("A 'sale' consists in the passing of title from the seller to the buyer for a price").

[24] Debtors argue in their papers that the only "goods" AVS could conceivably have sold Debtors are the tags and tickets AVS affixed to the garments. Debtors then argue this Court should apply the "predominant factor test" to determine whether, based on the "predominant factor," the contract was for goods or services. *See*, e.g., *BMC Indus., Inc. v. Barth Indus., Inc.,* 160 F.3d 1322, 1329-30 (11th Cir. 1998) ("Most courts follow the 'predominant factor" test to determine whether such hybrid contracts are transactions in goods, and therefore covered by the UCC, or transactions in services, and therefore excluded."). The Court need not decide the issue in this case. AVS has failed to raise this argument in its papers, or at the hearing. Moreover, AVS has not presented any evidence regarding the value of the tickets and tags, nor submitted a separate administrative claim for the value of said tickets and tags. *In re Insilco Techs., Inc.*, 309 B.R. 111, 114 (Bankr. D. Del. 2004). "An administrative expense claimant bears the burden of establishing that its claim qualifies for priority status." Therefore, since no evidence was presented on the issue, it is unnecessary to decide whether the "predominant factor test" applies.

AVS cites no authority for this proposition. Nonetheless, AVS argues that since the garments it inspected, tagged, assorted and repackaged were not saleable without those services, it contributed to the "value of goods," and is entitled to a section 503(b)(9) administrative expense. The Court disagrees. The Court in *In re Plastech Engineered Products* directly addressed this argument.

> [T]he word *received* modifies the word *goods* in § 503(b)(9). It is the *goods* and not the *value* that must be received by the debtor to trigger § 503(b)(9). The word *value* in the statute is merely the measure of the amount of the "allowed administrative expense" under § 503(b)(9). The statute does not say *value received*. Instead, it says *goods received*. [The] contention that § 503(b)(9) requires only that a debtor receive *value* and not actually receive *goods* is strained and ignores the plain meaning of the language used in the statute.[25]

This Court agrees. There is little doubt that AVS provided "value" to the Debtors. However, in the context of section 503(b)(9), *value* is the measurement of the amount of the administrative claim. In order to have an administrative claim under section 503(b)(9), AVS must first meet the requirements, namely: (1) the vendor must sell "goods" to the debtor; (2) the goods must be received within twenty days prior to filing; and (3) the goods must be sold in the ordinary course of business.[26] AVS has not shown it meets these requirements.[27] Since

---

[25] *In re Plastech Engineered Prods. Inc.*, 2008 WL 5233014, at *2 (Bankr. E.D. Mich. 2008).

[26] *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 878 n.7 (9th Cir. B.A.P. 2007).

[27] *In re Insilco Techs., Inc.*, 309 B.R. 111, 114 (Bankr. D. Del. 2004). "An administrative expense claimant bears the burden of establishing that its claim qualifies for priority status."

AVS's claim does not meet the requirements of section 503(b)(9), the issue of value is of no moment.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the term "goods" does not encompass services, and therefore AVS's claim is misclassified as an administrative expense under section 503(b)(9). Accordingly, the Debtors' Objection is SUSTAINED.

Counsel for the Debtors is directed to submit an order under certification of counsel.