<u>NOT FOR PUBLICATION</u>                                    [Docket No. 11]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: GOODY'S FAMILY CLOTHING, INC., et al. | |
| | Civil Action No. 09-409 (RMB) |
| REORGANIZED DEBTORS, on behalf of GOODY'S FAMILY CLOTHING, INC., et al., | On Appeal from Bankruptcy Case No. 08-11133 (CSS) |
| Appellants, | |
| v. | **MEMORANDUM AND ORDER** |
| BLUE DOG PROPERTIES TRUST, et al., | |
| Appellees. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:[1]

This matter comes before the Court upon a motion by

Developers Diversified Realty Corp., PICOA Inc., E&A Acquisition

Two LP, and their affiliates and subsidiaries (collectively, the

"DDR Landlord-Appellees") for certification of direct appeal to

the United States Court of Appeals for the Third Circuit,

pursuant to 11 U.S.C. 158(d)(2) and Federal Rule of Bankruptcy

Procedure 8001(f).  The motion is opposed by the Reorganized

Debtors, as successors in interest to Goody's Family Clothing,

---

[1] The Honorable Renée Marie Bumb, United States District
Judge for the District of New Jersey, sitting in the District of
Delaware by designation.

1

Inc. and certain of its subsidiaries (collectively, the "Debtor-Appellants").

## BACKGROUND

The underlying facts, procedural history, and legal issues are well known to the parties and the Court, so the Court will merely summarize them here.  Debtor-Appellants were a national apparel retail chain.  They failed to pay rent for the month during which they filed voluntary bankruptcy petitions.  Before the Bankruptcy Court, some of their landlords sought to recover monies owed for the "stub rent" period -- that is, the period of Debtor-Appellants' post-petition tenancy for which payment became due pre-petition -- on a priority basis as an allowed administrative expense, pursuant to 11 U.S.C. § 503(b)(1).  The Bankruptcy Court awarded the stub rent, rejecting Debtor-Appellants' argument that it was not recoverable as a § 503(b)(1) administrative expense.  In re Goody's Family Clothing, Inc., 392 B.R. 604, 606-618 (Bkr. D. Del. 2008).  On appeal, this Court affirmed the Bankruptcy Court's decision.  In re Goody's Family Clothing, Inc., 401 B.R. 656, 660-74 (D. Del. 2009).  That matter is now on appeal before the Third Circuit.  (3d Cir. Docket No. 09-2168.)  Debtor-Appellants have already filed their brief in that appeal and their adversary's opposition brief is due two weeks from today.  (3d Cir. Briefing Notice, June 3, 2009.)

In the meantime, many of Debtor-Appellants' other landlords

2

have followed suit in seeking priority payment for owed stub

rent.   Some have consented to a stay of their § 503(b)(1) claims

while the Third Circuit resolves the controlling legal question

in the appeal now pending before it.   DDR Landlord-Appellees,

however, seek a certification of direct appeal to the Third

Circuit for their claims.   DDR Landlord-Appellees have indicated

that they will seek consolidation and joint resolution of their

claims with those already pending before the Third Circuit if

this Court certifies a direct appeal.   (App'e Br. ¶ 24.)

## DISCUSSION

The Bankruptcy Abuse Prevention and Consumer Protection Act

(BAPCPA) grants to circuit courts appellate jurisdiction when

> the district court . . . certif[ies] that --
> (i) the judgment, order, or decree [of the bankruptcy
> court] involves a question of law as to which there is no
> controlling decision of the court of appeals for the
> circuit or of the Supreme Court of the United States, or
> involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question
> of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or
> decree may materially advance the progress of the case or
> proceeding in which the appeal is taken . . . .

28 U.S.C. § 158(d)(2)(A).   When any of these three conditions

exist, "the district court . . . shall make the certification" of

appeal.   28 U.S.C. § 158(d)(2)(B).   This motion therefore calls

upon the Court to decide if any of these conditions form a basis

to certify a direct appeal to the Third Circuit.

As to the first basis for certification:   This Court has

explained that the controlling decisions of the U.S. Supreme
Court and the Third Circuit admit of no ambiguity in resolving
whether stub rent is recoverable as a § 503(b)(1) administrative
expense.  Goody's, 401 B.R. at 660-74.  Taken together, NLRB v.
Bildisco, 465 U.S. 513, 530 (1984), and Zagata Fabricators, Inc.
v. Superior Air Products, 893 F.2d 624, 627 (3d Cir. 1990), as
well as the longstanding and consistent practice of recovering
post-petition rent as an administrative expense, clearly
establish that stub rent is recoverable on a priority basis.  The
Court need not conclude that this case presents a question of
first impression merely because Debtor-Appellants have innovated
a novel argument based upon the Third Circuit's decision in In re
Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001),
which applied principles of statutory interpretation to a
different provision of the bankruptcy code.  Nor must the Court
conclude that this appeal presents "a matter of public
importance."  28 U.S.C. § 158(d)(2)(A)(i).  Assuming, arguendo,
that the appeal currently pending before the Third Circuit rises
to the level of "public importance," this second appeal will
affect only the three named DDR Landlord-Appellees and their
affiliates.

As to the second basis for certification:  No conflicting
authorities require resolution by this appeal.  The only such
authority cited by DDR Landlord-Appellees is the unreported Sixth

Circuit decision BK Novi Project LLC v. Stevenso, No. 07-1606 (6th Cir. Mar. 26, 2008). Since that decision is non-precedential, however, it applies only to the parties of that case and requires no "resolution" by the Third Circuit. In any event, the Third Circuit is not empowered to "resol[ve] . . . conflicting decisions" between circuits. Certainly, no split of authority exists within the Third Circuit. Finally, even if there were a relevant split of authority, it cannot be said that resolution of the conflict by this appeal is "requir[ed]", since the Third Circuit will resolve the conflict in the appeal already pending before it.

As to the third basis for certification: An immediate appeal will not materially advance the progress of this case; quite the opposite, an immediate appeal will hinder its progress. The most expedient means of resolving the § 503(b)(1) administrative expense claims of all landlord-claimants in the bankruptcy proceeding below is to allow the Third Circuit to address the first appeal on its current schedule and, when that matter is concluded, to apply the decision to all landlord-claimants. By seeking consolidation and joint resolution of the two matters, DDR Landlord-Appellees will inevitably delay the Third Circuit's decision and needlessly increase the Debtor-Appellants' costs.

Accordingly, for the reasons stated herein, **IT IS** on this,

the **30th** day of **July** **2009**, hereby

     **ORDERED** that the motion for certification of direct appeal

shall be **DENIED**.

                                  s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge